# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| STATE OF MARYLAND, )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, *et al.*, )<br>)<br>    Defendants. )<br>_____) | Case Number: 1:18-CV-02849-ELH |

## AMICUS CURIAE BRIEF OF JUDICIAL WATCH, INC. IN OPPOSITION TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

Amicus Curiae Judicial Watch, Inc., by counsel, respectfully submits this brief in opposition to Plaintiff State of Maryland's motion for a preliminary injunction. The State of Maryland's naked attempt to wage a political battle in the courts should be denied.

1.   Judicial Watch is a non-partisan, educational foundation that seeks to promote transparency, integrity, and accountability in government and fidelity to the rule of law. Judicial Watch regularly files amicus curiae briefs to advance its public interest mission. Judicial Watch's purpose in filing this brief is to highlight for the Court the interesting preliminary issues raised by the State of Maryland's motion. Judicial Watch does not believe the Court needs to reach the flimsy merits argument to dismiss the motion.[1]

---

[1] Contrary to the State of Maryland's assertion, the Attorney General Succession Act in no way mandates that the Deputy Attorney General becomes the Acting Attorney General. The statute says "may." 28 U.S.C. § 508(a) ("In case of a vacancy in the office of Attorney General, or of his absence or disability, the Deputy Attorney General ***may*** exercise all the duties of that office." (emphasis added)). To the extent the Vacancies Reform Act is constitutional – and the State of Maryland does not argue otherwise – the Attorney General Succession Act does not prohibit the VRA's application in this case.

2.      Upon Attorney General Jeff Sessions' resignation, President Trump appointed Matthew Whitaker as Acting Attorney General.  Less than a week later, Maryland Attorney General Brian Frosh, on behalf of the State of Maryland, asked the Court to preliminarily enjoin the automatic substitution of Whitaker for Sessions, one of the original, seven defendants in this case.  In discussing why he filed this highly unusual motion, Frosh explained, "[T]his guy, Mr. Whitaker, has extreme views and that's dangerous in itself."  Ann E. Marimow, "Maryland challenges legality of Whitaker's appointment as acting U.S. attorney general," *The Washington Post* (Nov. 13, 2018, available at https://www.washingtonpost.com/local/public-safety/maryland-to-challenge-legality-of-whitakers-appointment-as-acting-us-attorney-general/2018/11/13/3356062a-e747-11e8-a939-9469f1166f9d_story.html).

3.      The procedural posture of this case is anything but ordinary.  The State of Maryland is seeking to prevent a routine, automatic "procedural device for substituting a successor for a past officeholder as a party."   Fed. R. Civ. P. 25(d) advisory committee notes.  In addition, the day after filing its motion, the State of Maryland filed an amended complaint. Based on the redline version of the document (ECF 8-1), the sole purpose of the amendment was to name two additional defendants: Whitaker and Rod J. Rosenstein.  Whereas Whitaker is the appointed Acting Attorney General, Plaintiff asserts Rosenstein is the actual Acting Attorney General. Plaintiff therefore is currently suing three individuals in their official capacity as Attorney General: Sessions, Whitaker, and Rosenstein.  Regardless of how the Court rules on the pending motion, either Whitaker or Rosenstein will be a named twice as a defendant in this action. The State of Maryland's motion, therefore, appears to be moot.

4.      Even if the amended complaint does not moot its request, the State of Maryland's motion fails because its lawsuit is against Attorney General Sessions, in his official capacity as

attorney general. It is not against him in his personal capacity. There is nothing for the Court to do. Substitution is automatic. Fed. R. Civ. P. 25(d) advisory committee notes (The rule will apply "to any action brought in form against a named officer, but intrinsically against the government or the office or the incumbent thereof whoever he may be from time to time during the action.").

5. Because this case is an official capacity lawsuit (as well as against the United States and the Department of Justice), Supreme Court precedent suggests the de facto officer doctrine would apply. "The de facto officer doctrine confers validity upon acts performed by a person acting under the color of official title even though it is later discovered that the legality of that person's appointment or election to office is deficient." *Ryder v. United States*, 515 U.S. 177, 180 (1995). The doctrine "springs from the fear of chaos that would result from multiple and repetitious suits challenging every action taken by every official whose claim to office could be open to question and seeks to protect the public by insuring the orderly functioning of the government despite technical defects in title to office." *Id*. (citation and quotations omitted).

6. The fear of multiple and repetitious legal challenges envisioned by the Supreme Court in *Ryder* has become a reality over the past three weeks. Not only has the State of Maryland filed this novel motion, but one of its attorneys, Thomas C. Goldstein, filed a similar motion with the Supreme Court. Notice to Court (ECF 12). In fact, portions of the two motions are substantially similar. In addition, three Senators have filed a lawsuit seeking almost identical relief to that being sought by the State of Maryland here: a declaration that Whitaker is not the Acting Attorney General and an injunction preventing Whitaker from performing the functions and duties of the Office of the Attorney General. Complaint for Declaratory and Injunctive Relief, *Blumenthal v. Whitaker*, Case No. 18-cv-02664 (D.D.C., filed November 19, 2018).

Moreover, briefing on the same issue also occurred in the U.S. Court of Appeals for the District of Columbia. *See In re: Grand Jury Investigation*, Case No. 18-3052.

7. Besides the active litigation, other state attorneys general and city attorneys have indicated that they are thinking about raising the issue in other courts around the country. Because Judicial Watch is concerned these legal challenges are nothing more than a coordinated effort by political opponents of President Trump, Judicial Watch recently sent a public records request to the Maryland Office of the Attorney General seeking:

- All communications between any official, officer, or employee of Maryland's Office of the Attorney General and any official, officer, or employee of other state's office of the attorney general about the appointment of Matthew G. Whitaker as Acting Attorney General;

- All communications between any official, officer, or employee of Maryland's Office of the Attorney General and any officer, employee, or member of the Democratic Attorneys General Association about the appointment of Matthew G. Whitaker as Acting Attorney General;

- All communications between any official, officer, or employee of Maryland's Office of the Attorney General and any other non-State of Maryland individual or entity about the appointment of Matthew G. Whitaker as Acting Attorney General; and

- All communications between any official, officer, or employee of Maryland's Office of the Attorney General and Thomas C. Goldstein or any employee of Goldstein & Russell, P.C. about Michaels v. Sessions or using arguments made in Maryland's Motion for Preliminary Injunction to Substitute Defendant in Maryland v. United States.

8. In short, the State of Maryland's motion is a political document. It is not a serious legal challenge. Unlike most of the cases where courts conclude the doctrine does not apply, the State of Maryland's motion does not challenge the appointment of a judge (or even an officer) currently adjudicating its case. *Bhatti v. Federal Housing Finance Agency*, 2018 U.S. Dist. LEXIS 112892, **38-43 (D. Minn. July 6, 2018). The Attorney General is one of (now) nine defendants, including the United States. Since there has been no change of administration, who

precisely is the Acting Attorney General is of little consequence. The relevant factor is that President Trump remains president.

9. For all these reasons, Plaintiff's motion for a preliminary injunction should be denied.

Dated: November 26, 2018                                         Respectfully submitted,


                                                                 /s/ Robert D. Popper
                                                                 Robert D. Popper. No. 12607
                                                                 JUDICIAL WATCH, INC.
                                                                 425 Third Street, S.W., Suite 800
                                                                 Washington, DC 20024
                                                                 Tel: (202) 646-5172
                                                                 Fax: (202) 646-5185
                                                                 rpopper@judicialwatch.org

                                                                 *Counsel for Plaintiff*