**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| STATE OF MARYLAND, <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES DEPARTMENT OF JUSTICE *et al.*, <br><br> Defendants. | Civil Action No. 18-cv-2849 (ELH) |

**DEFENDANTS' SUPPLEMENTAL BRIEF
IN SUPPORT OF THEIR MOTION TO DISMISS**

This Court has ordered the parties to submit supplemental briefing addressing the impact, if any, of the district court's December 14, 2018 decision in *Texas v. United States*, No. 4:18-00167 (N.D. Tex.), on the State of Maryland's standing to pursue its requests for declaratory and injunctive relief concerning the constitutionality of the Affordable Care Act ("ACA"). The *Texas* decision, which declares the ACA unconstitutional, is a non-final decision, with further briefing still to occur on the remaining issues in that case. Defendants' prior objections to either of the State's shifting theories of standing—*i.e.* that the State is harmed by Defendants' litigation position in *Texas* and/or that the State will be harmed by Defendants' alleged future non-enforcement of the ACA—remain valid. In fact, the *Texas* decision underscores the State's lack of standing. It confirms that Defendants, who had urged a narrower ruling in that case, have no control over the independent decision of the Texas federal court. Moreover, in the wake of the *Texas* decision, the Department of Health and Human Services ("HHS"), the agency charged with the primary responsibility for enforcing the ACA, has expressed its commitment to continue to enforce the ACA until there is a final decision or other judicial order directing otherwise. That commitment renders even more speculative the State's

assertion that HHS will unilaterally stop enforcing the ACA. The State has no standing under either theory of injury, and thus, the Amended Complaint should be dismissed.

## BACKGROUND

In its Amended Complaint, the State has alleged that it is injured by Defendants' litigation position in the *Texas* case in which Defendants argued that the ACA's individual mandate will be rendered unconstitutional in 2019 due to Congress's reduction of the tax penalty for violating the individual mandate to zero and that the "guaranteed issue" and "community rating" provisions of the ACA are not severable from the individual mandate. In response to the State's allegation of harm, Defendants argued that the State has not alleged a cognizable injury in fact, *see* Defs.' Mem. in Support of Defs.' Mot. to Dismiss at 8-12, ECF No. 11-1 (Nov. 16, 2018), because, among other things, Defendants have no control over how the *Texas* Court would rule on the constitutionality and enforceability of the ACA, any more than they have control over the *Texas* plaintiffs' challenge to the enforceability of the ACA based on Congress's tax reform. And, the mere allegation of a difference in opinion between the parties here is insufficient to establish Article III standing.[1]

Recognizing the weakness in its standing argument, the State shifted its theory of injury in its opposition brief to allege harm arising from Defendants' potential non-enforcement of the ACA. Despite the fact that HHS has never said that it would unilaterally stop enforcing the ACA, the State speculates that HHS nevertheless might do so. In response to this newly-contrived theory of harm, Defendants' reply brief demonstrated that the State's asserted cause of injury is pure conjecture, and its inferential leap—from the Department of Justice's non-defense of the ACA's individual mandate,

---

[1] With respect to the preliminary injunction, the State now suggests that the Government must disclose whether Mr. Whitaker is involved in this litigation. But in so arguing, the State mischaracterizes the proceedings in *Michaels v. Whitaker*, No. 18-cv-2906 (D.D.C.) by suggesting that Mr. Whitaker has recused himself from that case. *See* Plaintiff's Supp. Br. at 10, ECF 40. Rather, at the request of the Court, the Government disclosed that Mr. Whitaker recused himself from a quo warranto petition relating to his appointment—a request for an obscure statutory writ under the D.C. Code pursuant to which Michaels requests that the Attorney General institute a proceeding to personally eject Mr. Whitaker from his office. In *Michaels*, the Government did not disclose Mr. Whitaker's involvement, or lack thereof, in any judicial or enforcement proceeding nor would that be appropriate.

"community rating," and "guaranteed issue" provisions to HHS's non-enforcement of the ACA—is unwarranted. ECF No. 33 at 5-7.

On December 14, 2018, the *Texas* Court granted partial summary judgment to the plaintiffs in that case, declaring the entire ACA invalid. *Texas v. United States*, No. 4:18-00167 (N.D. Tex.), Mem. Op. & Order, ECF No. 211 (Dec. 14, 2018). On December 16, 2018, the court issued an order directing the parties to "jointly submit to the Court by January 4, 2019 a proposed schedule for resolving Plaintiffs' remaining claims in the Amended Complaint" in that case. *Id.*, ECF No. 212. On December 17, 2018, the intervenor-defendant states moved for (1) expedited consideration, (2) clarification or stay, and (3) entry of partial final judgment under Rule 54(b) or certification under 28 U.S.C. § 1292(b). *Id.*, ECF No. 213. On December 18, 2018, the court issued an order expediting briefing on the following issues: (1) whether a stay of the December 14, 2018 Order is warranted, (2) whether the Court should enter partial final judgment on the Order, and (3) whether the Court should certify the Order for immediate appeal. *Id.*, ECF No. 215.

Following the *Texas* decision, HHS assured consumers that "[t]he recent federal court decision is still moving through the courts, and the exchanges are still open for business and we will continue with open enrollment. There is no impact to your current coverage and your coverage in a 2019 plan." *See* https://www.healthcare.gov/ (the "court's decision does not affect this seasons open enrollment"). HHS's press statement further noted that the decision is "not a final decision," and thus, HHS "will continue administering and enforcing all aspects of the ACA as it had before the court issued its decision." Press release, https://www.hhs.gov/about/news/2018/12/17/statement-from-the-department-of-health-and-human-services-on-texas-v-azar.html.[2]

---

[2] "Courts may take judicial notice of publicly available records without converting a motion to dismiss to one for summary judgment." *Fusaro v. Davitt*, 327 F. Supp. 3d 907, 916–17 (D. Md. 2018) (citing *Zak v. Chelsea Therapeutics Int'l, Ltd.*, 780 F.3d 597, 607 (4th Cir. 2015) ("[C]ourts are permitted to consider facts and documents subject to judicial notice without converting the motion to dismiss into one for summary judgment.")); *see also Int'l Ass'n of Machinists & Aerospace Workers v. Werner-Masuda*, 390 F. Supp. 2d 479, 491 (D. Md. 2005) ("In a 12(b)(1) motion, the court may consider evidence outside of the pleadings to help determine whether it has jurisdiction over the case before it . . . without converting the proceeding to one for summary judgment.").

**DISCUSSION**

The *Texas* Court's decision to grant partial summary judgment in that case does not change the unavoidable fact that the State does not have standing to bring this single-count action under the Declaratory Judgment Act, 28 U.S.C. § 2201. To the extent the State still seeks to rely on its theory of standing alleged in the Amended Complaint—*i.e.*, that it is harmed by Defendants' litigation position in the *Texas* litigation—that theory is undermined by the *Texas* Court's independent decision, which clearly did not adopt Defendants' litigation position that only the individual mandate, "community rating," and "guaranteed issue" provisions of the ACA should be held invalid. The court also rejected arguments advanced by sixteen states and the District of Columbia in defense of the ACA. Put another way, the *Texas* Court's ruling severs any purported link between Defendants' litigation position in that case and the State's alleged injuries potentially flowing from the ACA's invalidation.

The State, of course, has raised a new theory of standing—that it will be harmed by Defendants' future, unilateral non-enforcement of the ACA. If that assertion was speculative before the issuance of the *Texas* decision (because the Federal Government had never said that it would unilaterally cease enforcing the ACA), it is fanciful now. In the wake of that decision, HHS has unequivocally assured the public that it will continue administering and enforcing all aspects of the ACA until there is a final decision or other judicial order directing otherwise. The White House also has publicly stated that pending the appeal process, the ACA remains in place. That is, any alleged harm that the State incurs at some future date will derive not from Defendants' alleged non-enforcement of the ACA, but from a court's order invalidating the statute. It also follows that there is no actual controversy between the State and Defendants sufficient to maintain the State's Declaratory Judgment Act claim.

For these reasons, and the reasons stated in Defendants' motion to dismiss briefing, this Court should dismiss the Second Amended Complaint.

Dated: December 18, 2018

Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General
Civil Division

HASHIM M. MOOPPAN
BRETT A. SHUMATE
Deputy Assistant Attorneys General

JENNIFER D. RICKETTS
Branch Director

JEAN LIN
Acting Deputy Director

/s/ *Tamra T. Moore*
TAMRA T. MOORE
REBECCA CUTRI-KOHART
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, DC  20005
Tel: (202) 305-8628
Email: Tamra.Moore@usdoj.gov

*Counsel for Defendants*